# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BAKOTIC PATHOLOGY ASSOCIATES, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br>1:23-cv-03918-TWT-JCF |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleged that Defendant Bakotic Pathology Associates, LLC ("Defendant") discriminated against Jasmine Hudson ("Hudson") when it subjected Hudson to discrimination on the basis of her sex (female, pregnancy), and retaliation because of her engagement in statutorily protected activities, when her employment was terminated in violation of Title VII. Defendant denies the Commission's factual allegations and that it violated the law.

The Commission and Defendant (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the Commission and Defendant, including any successors of Defendant; and (5) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. Defendant shall not engage in any employment practices which discriminate because of sex, including pregnancy, within the meaning of Title VII.

2. Defendant shall not retaliate against any person because of their opposition to any practice made unlawful under Title VII or because of the filing of

a charge of discrimination, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Defendant shall pay Hudson a total amount of $50,000 in settlement of the claims raised in this action. Payment shall be made within fifteen (15) business days after the Court approves this Consent Decree. Defendant shall send the settlement check(s) to Hudson via overnight delivery at an address to be provided in writing to Defendant by the Commission. Defendant shall send to the Commission a copy of the check(s) and the tracking number of each envelope containing the settlement check(s) to Hudson.

Neither the Commission nor Defendant shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Hudson may incur on such payment under local, state and/or federal law.

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

  a. Within ten (10) business days of the signing of this agreement, Defendant agrees to provide to the EEOC (1) the Respondent/Employer's EIN and (2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of Defendant.

      b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

      c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

      d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

      e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

4. If Hudson does not receive the payment described in paragraph 3 above by the due date set forth therein due to a failure on the part of Defendant to properly transmit the same, Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

5. Defendant shall provide a neutral reference to include Hudson's dates of employment and position held when contacted by prospective employers of Hudson. Within ten (10) business days of the entry of this consent decree, Defendant shall change Hudson's reason for termination to voluntary resignation. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall remove from Hudson's personnel file all documents and entries from December

2020 through her termination. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

6. Defendant shall distribute its November 2023 Employee Handbook, which includes a formal, written anti-sex discrimination policy explaining Title VII's prohibition against sex discrimination, pregnancy discrimination, and retaliation, and the processes and procedures for reporting discrimination, to each of Defendant's employees, including Bako management, via MediaLab within thirty (30) calendar days after the Court's entry of this Consent Decree. Upon distribution of the November 2023 Employee Handbook, employees shall receive an email explaining how to access the Handbook via MediaLab. New employees will receive a copy of the November 2023 Employee Handbook via MediaLab accompanied by an explanation of how to access the Handbook via MediaLab on or around their first day of work. For the term of this Consent Decree, a copy of any Employee Handbooks drafted after November 2023 will be provided to the Commission thirty (30) calendar days prior to its implementation if the revisions relate to Title VII of the Civil Rights Act of 1964, as amended; the Pregnancy Discrimination Act; the Equal Pay Act of 1963; the Age Discrimination in Employment Act of 1967; Title I of the Americans with Disabilities Act of 1990, as amended; the Genetic Information Nondiscrimination Act of 2008; and the Pregnant Workers Fairness Act of 2022.

7. During the term of this Consent Decree, Defendant shall provide an annual, mandatory training program to all employees, including Bako management. Each training program shall include, at minimum: (a) an explanation of the Title VII policies referenced in paragraph 6 above; (b) a description of Title VII, the types of conduct or policies that constitute discrimination because of sex, with an emphasis on pregnancy discrimination, and the laws protecting employees from sex discrimination or retaliation; and (c) an explanation of Defendant's discrimination reporting/complaint procedures. The training referenced in this paragraph can be conducted virtually or in person.

The first training program shall be completed within ninety (90) calendar days of the entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals thereafter. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to <u>EEOC-ATDO-decree-monitoring@eeoc.gov</u>. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda.  Within thirty (30) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within fifteen business (15) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked **Exhibit A**, hereby made a part of this Consent Decree, in each of its facilities in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within thirty (30) calendar days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to its counsel, Robert Capobianco at his email address below. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within fourteen (14) calendar days of the change.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

    a. the identities of all individuals who have reported any incidents of pregnancy discrimination, to include any complaints that the individual

was discharged because of their pregnancy, including each person's name, address, telephone number, and position title;

b. for each individual identified in 10.a above, explain what actions were taken by Defendant in response to the individual's report;

c. for each individual identified in 10.a above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

d. for each individual whose employment status has changed as identified in 10.c. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

> Marcus G. Keegan
> Regional Attorney
> U.S. Equal Employment Opportunity Commission
> Sam Nunn Atlanta Federal Center
> 100 Alabama Street, SW
> Suite 4R30
> Atlanta, GA 30303

12. The Commission may review compliance with this Consent Decree. As part of such review, and upon three (3) business days' notice to Defendant's counsel, and after following the procedure set forth in paragraph 13 below, the Commission may inspect Defendant's facilities, interview employees, and examine and copy documents.

13. If at any time during the term of this Consent Decree the Commission believes that Defendant is in violation of its terms, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and provide written response to the allegations. Thereafter, the Parties shall have a period of ten (10) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. This Consent Decree shall be in effect for a period of two (2) years from its entry by the Court.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

16. Each party shall bear its own costs and attorney's fees.

| | |
|---|---|
| __February 23, 2024__<br>Date | _/s/ Thomas W. Thrash_<br>Judge, U.S. District Court<br>Northern District of Georgia |

The Parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | BAKOTIC PATHOLOGY ASSOCIATES, LLC. |
| KARLA GILBRIDE<br>General Counsel | */s/ Robert W. Capobianco*<br>Robert W. Capobianco<br>Georgia Bar No. 106102 |
| CHRISTOPHER LAGE<br>Deputy General Counsel | Kathryn M. White<br>Georgia Bar No. 528556 |
| MARCUS KEEGAN<br>Regional Attorney | JACKSON LEWIS P.C.<br>171 17th Street, NW, Suite 1200 |
| LAKISHA DUCKETT ZIMBABWE<br>Assistant Regional Attorney | Atlanta, Georgia 30363<br>T: (404) 525-8200<br>F: (404) 525-1173 |
| ROBYN M. FLEGAL<br>Supervisory Trial Attorney | Robert.Capobianco@jacksonlewis.com<br>Kathryn.white@jacksonlewis.com |
| */s/ Iriel Jones*<br>Iriel Jones<br>Trial Attorney<br>Georgia Bar No. 266716<br>iriel.jones@eeoc.gov | *Counsel for Defendant* |

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St. SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (470) 531-4808
Facsimile: (404) 562-6905

*Counsel for Plaintiff*